[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION DEFENDANT'S MOTION TO STRIKE
As a preliminary matter, the court notes that pursuant to Practice Book § 10-42(b), the plaintiff has not filed any opposing memorandum of law to the defendant's motion to strike. "[t]he failure to timely file an opposing memorandum will not necessarily be fatal and the court may therefore address the merits of the motion . . . the court has the discretion to address the merits of the motion despite a party's failure to file an opposing memorandum of law where the moving party fails to raise an objection to the opposing party's failure to comply with the mandatory filing provision of the Practice Book [§ 10-42]." (Citation omitted; internal quotation marks omitted.) Corbin v. Arcadia Financial Ltd., Superior Court, judicial district of Waterbury, Docket No. 151811 (March 31, 2000, Leheny, J.). In the present case, the defendant has not objected to the plaintiff's noncompliance With § 10-42 (b) and therefore, the court will address the merits of the defendant's motion.
This court has adopted the majority point of view that a plaintiff, in addition pleading facts constituting negligence, need only make the general allegations mentioned in § 14-295; that the defendant has with reckless disregard violated one of the enumerated statutes, and that the violation was a substantial factor in causing the plaintiffs injuries. See Carroll v. Wade, Superior Court, judicial district of Litchfleld, Docket No. 082366 (February 9, 2001); Dean v. Nowacki, Superior Court, judicial district of Litchfield, Docket No. 081044 (January 2, 2001); Gionfriddo v. Taylor, superior Court, judicial district of Litchfield, No. 083140 (September 27, 2000).
Therefore the defendant's motion to strike is denied.
By the court, CT Page 10661
Cremins, J.